| | |
|---|---|
| 1 | STEPHEN M. HAYES (SBN 83583) |
| | STEPHEN P. ELLINGSON (SBN 136505) |
| 2 | JAMIE A. RADACK (SBN 221000) |
| | HAYES SCOTT BONINO ELLINGSON & McLAY, LLP |
| 3 | 203 Redwood Shores Parkway, Suite 480 |
| | Redwood City, California 94065 |
| 4 | Telephone: 650.637.9100 |
| | Facsimile: 650.637.8071 |

Attorneys for Defendant
STATE FARM GENERAL INSURANCE COMPANY

UNITED STATES DISTRICT COURT

EASTERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| JOSH GRASS and SAUNDRA SMITH, | CASE NO. |
| Plaintiffs, | STATE FARM GENERAL INSURANCE COMPANY'S NOTICE OF REMOVAL OF CIVIL ACTION UNDER 28 U.S.C. SECTIONS 1332 AND 1441a [DIVERSITY JURISDICTION]; DEMAND FOR JURY TRIAL |
| vs. | |
| STATE FARM GENERAL INSURANCE COMPANY, and DOES 1 through 100, inclusive, | |
| Defendant. | |

**TO THE CLERK OF THE ABOVE-ENTITLED COURT:**

PLEASE TAKE NOTICE that defendant State Farm General Insurance Company (hereinafter "State Farm") hereby removes to this Court the state action described below:

1. State Farm is a defendant in the civil action commenced on August 7, 2015 in the Superior Court of the State of California, County of Siskiyou, Case No. SC CV CV15-0991, entitled *Josh Grass and Saundra Grass v. State Farm General Insurance Company*. A copy of the complaint is attached hereto as Exhibit "1" and is incorporated as part of this notice.

2. The complaint was served on Corporation Service Company (CSC) on August 13, 2015.

3. State Farm filed its answer to the complaint in state court on September 10, 2015. A

624798                                    -1-

true and correct copy of its answer to plaintiff's complaint is attached hereto as Exhibit "2" and is incorporated as part of this notice of removal and removal.

4. This action is a civil action of which this Court has original jurisdiction under 28 U.S.C. section 1332, and is one that may be removed to this Court by State Farm pursuant to the provisions of 28 U.S.C. section 1441, subdivision (a), in that it is a civil action wherein the matter in controversy exceeds the sum of $75,000 exclusive of interest and costs, and is between citizens of different states.

5. The fact that the amount in controversy exceeds the minimum requirement for diversity jurisdiction can be determined by the nature of the claims and the amount and type of the damages sought in the complaint. The complaint seeks damages for breach of contract and breach of the implied covenant of good faith and fair dealing. Plaintiffs allege their residence and belongings located at 323 Pine Street in Weed, CA were destroyed in the "Weed Fire" on September 15, 2014. (Complaint ¶¶ 1 and 16.) Plaintiffs allege they submitted a claim to State Farm, which was denied because the policy had been canceled for non-payment of premium. (Complaint ¶¶ 17 – 18.) The policy limits of plaintiffs' State Farm policy were $129,821 for damage to the dwelling, $12,982 for "dwelling extension," $97,365 for damage to personal property and for the actual amount they incurred for alternative living expenses while the home was repaired, subject to certain provisions including a one year limit.

6. Plaintiff seeks general damages, attorney fees and punitive damages for breach of the implied covenant of good faith and fair dealing. (Complaint, p. 7:3 – 6.) The amount of general damages awarded in similar cases against insurance companies establishes the amount in controversy as to general damages alone exceeds $75,000.

7. The prayer for attorney's fees constitutes an element of special damages on a theory that plaintiffs incurred these so-called *Brandt* fees to recover unreasonably withheld policy benefits. *Brandt v. Superior Court*, 37 Cal.3d 813 (1985). (Complaint, Prayer for relief, p. 12.)

8. Even limited by a "due process multiplier" relative to plaintiffs' alleged compensatory damages, the prayer for punitive damages alone establishes the amount in controversy exceeds $75,000. *Johnson v. Ford Motor Co.*, 35 Cal.4th 1191 (2005); *Wysinger v. Automobile Club of Southern California*, 157 Cal.App.4th 413 (2007).

9. At the time of the commencement of this action, and at all times since, State Farm has been, and still is, a corporation of the State of Illinois, being incorporated under the laws of Illinois, and has had and continues to have its principal place of business in Illinois. Plaintiffs Josh Grass and Saundra Smith have been and continue to be citizens of the State of California, residing in the County of Siskiyou, in the State of California. (Complaint ¶ 1.)

10. This action was brought in the State of California. This corporate defendant is not, at the time of the institution of this action, and is not now, a corporation incorporated under the laws of the State of California, and does not have at the time of the institution of this action, and does not have now, its principal place of business in California.

### DEMAND FOR JURY TRIAL

State Farm General Insurance Company hereby demands a trial by jury.

Dated: September 11, 2015         HAYES SCOTT BONINO ELLINGSON & McLAY, LLP

By _____
STEPHEN M. HAYES
STEPHEN P. ELLINGSON
JAMIE A. RADACK
Attorneys for Defendant
STATE FARM GENERAL INSURANCE COMPANY

624798                                -3-

# EXHIBIT 1

| | |
|---|---|
| 1<br>2<br>3<br>4 | TIM O'CONNOR (SBN 151110)<br>Tim@TimOconnorAttorney.com<br>THE O'CONNOR LAW FIRM<br>2412 Babson Drive<br>Elk Grove, CA 95758<br>(916) 509-7096; Fax (800) 934-5086<br>with Co-Counsel Stanley R. Parrish |

**FILED**
SUPERIOR COURT OF CALIFORNIA
COUNTY OF SISKIYOU

AUG - 7 2015

ENDORSED- R. DICKERSON
By:_____
DEPUTY CLERK

5   Attorney for Plaintiffs Josh Grass and Saundra Smith

## SUPERIOR COURT OF CALIFORNIA

### COUNTY OF SISKIYOU

| | |
|---|---|
| Josh Grass and Saundra Smith,<br><br>                 Plaintiff,<br>vs.<br><br>State Farm General Insurance Company and DOES 1-100 inclusive,<br><br>                 Defendants. | Case No. **SC CV CV 15 - 0991**<br><br>COMPLAINT for Breach of Contract and for Breach of Covenant of Good Fatih and Fair Dealing (including a claim for punitive damages) |

1. Plaintiffs Josh Grass and Saundra Smith, as husband and wife, are referred to herein as Plaintiffs. For all relevant times, Plaintiffs owned the insured property (hereafter HOME). HOME is located at 323 Pine Street, Weed, CA 96094. For all relevant times, Plaintiffs reside in, Weed, CA. Plaintiffs and the HOME are subject to the jurisdiction of this Superior Court.

2. At all relevant times herein, State Farm General Insurance Company, also known as State Farm, and DOES 1-100 (hereinafter Defendants) was and is a business organization, form unknown, with its principal place of business in California. Defendants are authorized under the laws of the State of California to transact business in California as a liability insurer and, in fact, conducts a significant amount of business in California. Insurer provided coverage for HOME. Insurer is subject to the jurisdiction of this Superior Court.

-1-                                                                                              Complaint

3. The true names and capacities, whether individual, corporate, associate, or otherwise, of Defendants named herein as Does 1-100, are unknown to Plaintiff, who therefore sues such Defendants by such fictitious names pursuant to C.C.P. Section 474, Plaintiff will amend this complaint to show their true names and capacities when the same have been ascertained. Plaintiff is informed and believes and thereon alleges, that all Defendants sued herein as Doe Defendants, are in some way responsible for the acts alleged herein.

4. At all times mentioned herein, each of the Defendants was the agent or employee, or both, of each of the remaining Defendants, and in doing the things mentioned herein, was acting within the scope of such agency or employment, or both.

## COMMON ALLEGATIONS

5. Plaintiffs own HOME.

6. Defendants sold insurance policy # 55-B9-Q602-6 to Plaintiffs for coverage for HOME. Defendants promised to provide coverage for damage resulting from a fire.

7. When Defendant sold the insurance policy to Plaintiffs, Plaintiffs and Defendant were aware that Plaintiff was moving into HOME located at 323 Pine Street. Defendants were to update their computer file to include the new address of Pine Street. However, Defendants erroneously continued to send mail to the old address of 1520 Center Street, which resulted in Defendants' mail not being delivered to Plaintiffs.

8. Initially Plaintiffs paid their monthly premiums by check. Subsequently, Plaintiffs accepted Defendants' offer that the monthly premiums would be paid by Defendants' automatically withdrawing the monthly premiums from Plaintiffs' debit card.

9. Plaintiffs' debit card got hacked, resulting in Plaintiffs' bank canceling the Defendants' direct withdrawal process.

10. When Plaintiffs were made aware of the canceling of the debit card and the resulting nonpayment(s) to Defendants, Plaintiffs immediately drove to Defendants' office in Weed, CA, to remedy the situation. Specifically:

   10.1. Mr. Josh Grass notified Defendants that the debit card was hacked and canceled;

   10.2. Defendants requested that Mr. Grass provide a new debit card number;

    10.3.  Mr. Grass immediately did provide a new debit card number;

    10.4.  Defendants, in the presence of Mr. Grass, used the new debit card to take payment of any amount due, thereby making the account current;

    10.5.  Defendants promised to update their records so that Defendants could and would again take payments for the monthly premiums by automatic withdrawals from Plaintiffs' debit card.

11. Defendants failed to save their changes to the computer file, and therefore Defendants continued to use the hacked and canceled debit card, which resulted in Defendants' not being able to automatically withdraw the monthly premiums.

12. As each monthly premium was not paid, due to Defendants' negligence in not updating its computer file, Defendant would send notice of nonpayment to the old, outdated address on Center Street, which would not be delivered to Plaintiffs who resided at a different address on Pine Street.

13. The following monthly premiums was not paid, and notice of the nonpayment was sent from State Farm to the old/wrong address of 1520 Center Street.

14. It is unknown how many monthly premiums were not paid as a result of Defendants' mistake of using the old/wrong address. Plaintiffs do not know the number of monthly premiums which were not paid and Plaintiffs do not know the number of notices of nonpayment which Defendants continued to send to the wrong address.

15. Defendants canceled the insurance coverage for HOME, presumably for nonpayment, and Defendants sent the Cancellation Notice to the old/wrong address on Center Street instead of the correct address on Pine Street. As such, Plaintiff never received the notices of non payment and never received the notice of cancellation.

16. On 9-15-14, HOME was damaged in a fire (the Weed Fire).

17. Plaintiffs submitted an insurance claim to Defendants for coverage under the insurance policy.

18. The Plaintiffs' insurance claim was denied by Defendants on the basis that the monthly premium payments were not successful automatically withdrawn by Defendants.

## FIRST CAUSE OF ACTION

## BREACH OF CONTRACT

19. Plaintiff incorporates the above paragraphs as if fully set forth herein verbatim.

20. Defendants offered and promised to provide coverage for HOME; Plaintiffs accepted Defendants' offer and promise of coverage for HOME. Defendants offered, and Plaintiffs accepted, that monthly payments would be automatically withdrawn by Defendants from Plaintiffs debit card account. Plaintiff fully complied by providing Defendants with a valid debit card. When that card was hacked and canceled, Plaintiffs notified Defendants and Plaintiffs provided to Defendants an updated and valid debit card, which Defendants accepted. When Plaintiffs learned that Defendants were using an old outdated address on Center Street, Plaintiffs provided to Defendants the correct address of Pine Street, which Defendants accepted. Defendants promised to update its computer records for the new debit card and the correct address, and Plaintiffs relied upon Defendants promise.

21. Defendants' breached the contract by failing to update Defendant's computer file; by continuing to use a hacked and canceled debit card; by continuing to send notices to an outdated address on Center Street; and, by canceling the policy despite Plaintiff having fully complied with the requirements of the insurance contract.

22. Defendants' insurance policy with Plaintiffs contains an implied covenant of good faith and fair dealing in carrying out the terms and conditions of the written agreement. Defendants' conduct in the handling of this claim is in breach of the following statutes:

Insurance Code § 790.03(h)(1) — Misrepresenting pertinent facts related to coverage

Insurance Code § 790.03(h)(6) — Compelling an insured to initiate litigation to recover amounts due under an insurance policy...

Insurance Code § 790.03(h)(13) — Failing to provide promptly a reasonable explanation of the basis relied upon in the insurance policy, in relation to the facts or applicable law, for the denial of the claim

-4-

Complaint

Title 10 CCR § 2695.7 (d) — Every insurer shall conduct and diligently pursue a thorough, fair, and objective investigation and shall not persist in seeking information not reasonably require for or material to resolution of a claim dispute.

23. The conduct alleged herein breaches the terms, conditions and covenants of the insurance policy. Plaintiff is informed and therein alleges, that Defendants have breached the insurance policy by other acts or omissions of which Plaintiffs are presently unaware. Plaintiff will seek leave of court to amend this Complaint at such time as it discovers additional acts or omissions by Defendants constituting such breach. Further, much of the alleged wrongful conduct was intentional and/or constitutes despicable, reckless behavior and a conscious disregard for the rights and interests of their named insured.

24. As a direct and legal cause of Defendants' failures and breaches as alleged herein, Plaintiff's have been damaged in amount greatly in excess of the minimum jurisdiction of this court, with interest on that sum at the legal rate from 9-5-14, to the present. Defendants' breaches of the insurance policy have further caused Plaintiff to incur actual and consequential damages, including, but not limited to, loss of income, loss of interest, attorney fees, and legal costs.

WHEREFORE, Plaintiff respectfully prays for judgment in the following relief:

1. Contract damages in an amount to be set forth at the time of trial;
2. Consequential damages to be set forth at the time of trial;
3. Loss of interest at the legal rate on the contract and consequential damages;
4. Costs of suit; and
5. Such additional relief as the court may deem proper.

## SECOND CAUSE OF ACTION
## BREACH OF COVENANT GOOD FAITH & FAIR DEALING

25. Plaintiff incorporates the above paragraphs as if fully set forth herein verbatim.

26. Defendants' insurance policy for HOME, also called a Contract of Insurance, is between Defendants (an insurer) and Plaintiffs (the insured) and contains an implied covenant of good

    faith and fair dealing, wherein Defendants promises to indemnify Plaintiff for all covered losses according to the terms of the policy. By its past and current conduct, Defendants have breached, and continue to breach, the covenant of good faith and fair dealing promised to Plaintiff.

27. Plaintiff is informed and believes and thereon alleges that Defendants have breached their duty of good faith and fair dealing owed to Plaintiff by other acts or omissions of which Plaintiff is presently unaware. Plaintiff will seek leave of court to amend this complaint at such time it discovers additional acts or omissions by Defendants constituting such breach.

28. As a direct and legal cause of Defendants' breach of the duty of good faith and fair dealing owed, Plaintiff has suffered actual and consequential damages and out-of-pocket expenses, including, but not limited to, additional sums due under the insurance policy for building repairs, business personal property, tenant improvements, loss of income, loss of interest, attorney fees, legal costs and other foreseeable economic losses, in a total amount to be shown by proof at trial.

29. In committing the acts alleged herein, Defendants acted intentionally, oppressively and maliciously and with a conscious disregard of Plaintiffs' rights. Defendants acted with intent to benefit themselves financially, while at the same time causing or recklessly disregarding the probability of causing injury to Plaintiffs. In so doing, Defendants intended to and did vex, annoy, injure and harass Plaintiffs by leaving Plaintiffs with a burned down and damaged home, by leaving Plaintiffs with no place to live, by leaving Plaintiffs with the burden of paying a mortgage for a burned down home while at the same time paying to reside anywhere else. Defendants clearly realize, as would anyone, that this is a significant financial hardship which Defendants have inflicted upon Plaintiffs. As a result of such conduct, Plaintiff is entitled to exemplary damages.

30. Plaintiff is also entitled to recover any and all attorney fees and costs that are reasonably incurred in its efforts to obtain insurance policy benefits that have been wrongfully and in bad faith withheld by Defendants.

WHEREFORE, Plaintiff respectfully prays for judgment against Defendants and each of them as follows:

1. Extra-contractual damages in an amount to be set forth at the time of trial equal to Plaintiff's actual losses due to Defendants' unreasonable conduct;

2. For attorney fees and legal costs to be set forth at the time of trial;

3. For exemplary and punitive damages;

4. For costs of suit incurred herein; and

5. Such additional relief as the court may deem proper.

Dated: July 31, 2015

Timothy J. O'Connor
with co-counsel Stanley R. Parrish
Attorneys for Plaintiffs

# EXHIBIT 2

```
STEPHEN M. HAYES (SBN 83583)
STEPHEN P. ELLINGSON (SBN 136505)
JAMIE A. RADACK (SBN 221000)
HAYES SCOTT BONINO ELLINGSON & McLAY, LLP
203 Redwood Shores Parkway, Suite 480
Redwood City, California 94065
Telephone: 650.637.9100
Facsimile: 650.637.8071
```

FILED
SUPERIOR COURT OF CALIFORNIA
COUNTY OF SISKIYOU

SEP 10 2015
ENDORSED
BY: L. YOUNG CANADAY
DEPUTY CLERK

Attorneys for Defendant
STATE FARM GENERAL INSURANCE COMPANY

SUPERIOR COURT OF THE STATE OF CALIFORNIA

IN AND FOR THE COUNTY OF SISKIYOU

JOSH GRASS and SAUNDRA SMITH,

    Plaintiffs,

vs.

STATE FARM GENERAL INSURANCE COMPANY, and DOES 1 through 100, inclusive,

    Defendant.

CASE NO. SC CV CV 15-0991

DEFENDANT STATE FARM GENERAL INSURANCE COMPANY'S ANSWER

    Defendant, in answer to the unverified complaint of plaintiffs herein, herewith denies each and every, all and singular, allegations of the unverified complaint, and in this connection defendant denies that plaintiffs have been injured or damaged in any of the sums mentioned in the complaint, or in any sum, or at all as the result of any act or omission of this answering defendant.

    AS A FIRST, SEPARATE DEFENSE TO THE COMPLAINT ON FILE HEREIN, AND TO EACH ALLEGED CAUSE OF ACTION CONTAINED THEREIN, this answering defendant alleges that the complaint fails to state facts sufficient to constitute a cause of action against this answering defendant.

    AS A SECOND, SEPARATE DEFENSE TO THE COMPLAINT ON FILE HEREIN, AND TO EACH ALLEGED CAUSE OF ACTION CONTAINED THEREIN, this answering defendant alleges that plaintiffs have waived and are estopped and barred from alleging the matters set forth in the complaint based on the doctrine of judicial estoppel.

624794

-1-

DEFENDANT STATE FARM GENERAL INSURANCE COMPANY'S ANSWER
CASE NO. SC CV CV 15-0991

AS A THIRD, SEPARATE DEFENSE TO THE COMPLAINT ON FILE HEREIN, AND TO EACH ALLEGED CAUSE OF ACTION CONTAINED THEREIN, this answering defendant alleges that at all times and places mentioned in the complaint herein, plaintiffs failed to perform certain conditions precedent that were imposed upon the plaintiffs by contract. The non-performance of said conditions excused defendant's obligations under the contract.

AS A FOURTH, SEPARATE DEFENSE TO THE COMPLAINT ON FILE HEREIN, AND TO EACH ALLEGED CAUSE OF ACTION CONTAINED THEREIN, this answering defendant alleges that at all times and places mentioned in the complaint herein, plaintiffs failed to mitigate the amount of their damages. The damages claimed by plaintiffs could have been mitigated by due diligence on their part or by one acting under similar circumstances. Plaintiffs' failure to mitigate is a bar to their recovery under the complaint.

AS A FIFTH, SEPARATE DEFENSE TO THE COMPLAINT ON FILE HEREIN, AND TO EACH ALLEGED CAUSE OF ACTION CONTAINED THEREIN this answering defendant alleges that the injuries allegedly sustained by plaintiffs were either wholly or in part caused by plaintiffs or persons, firms, corporations or entities other than this answering defendant.

AS A SIXTH, SEPARATE DEFENSE TO THE COMPLAINT ON FILE HEREIN, AND TO EACH ALLEGED CAUSE OF ACTION CONTAINED THEREIN, this answering defendant alleges the insurance policy or policies alleged in the complaint afforded no coverage or coverage was barred by one or more exclusions in said policy or policies.

AS A SEVENTH, SEPARATE DEFENSE TO THE COMPLAINT ON FILE HEREIN, AND TO EACH ALLEGED CAUSE OF ACTION CONTAINED THEREIN, this answering defendant alleges that plaintiffs cannot assert any contractual claims set forth in the complaint because the insurance policy or policies alleged in the complaint were not in force at the time of the alleged incident.

AS AN EIGHTH, SEPARATE DEFENSE TO THE COMPLAINT ON FILE HEREIN, AND TO EACH ALLEGED CAUSE OF ACTION CONTAINED THEREIN, this answering defendant alleges on information and belief that plaintiffs cannot assert any of the contractual claims contained in the complaint because plaintiffs materially breached said contract.

AS A NINTH, SEPARATE DEFENSE TO THE COMPLAINT ON FILE HEREIN, AND TO EACH ALLEGED CAUSE OF ACTION CONTAINED THEREIN, this answering defendant alleges that plaintiffs' complaint, to the extent that it seeks exemplary or punitive damages pursuant to §3294 of the Civil Code, violates defendant's right to procedural due process under the Fourteenth Amendment of the United States Constitution, and the Constitution of the State of California.

AS A TENTH, SEPARATE DEFENSE TO THE COMPLAINT ON FILE HEREIN, AND TO EACH ALLEGED CAUSE OF ACTION CONTAINED THEREIN, this answering defendant alleges that plaintiffs' complaint, to the extent that it seeks punitive or exemplary damages pursuant to §3294 of the Civil Code, violates defendant's rights to protection from "excessive fines" as provided in the Eighth Amendment of the United States Constitution and Article I, Section 17, of the Constitution of the State of California, and violates defendant's rights to substantive due process as provided in the Fifth and Fourteenth Amendments of the United States Constitution and the Constitution of the State of California.

AS A TWELFTH, SEPARATE DEFENSE TO THE COMPLAINT ON FILE HEREIN, AND TO EACH ALLEGED CAUSE OF ACTION CONTAINED THEREIN, this answering defendant alleges that the alleged causes of action set forth in the complaint are, and each of them is, barred by the statute of limitations set forth in the applicable provisions of Code of Civil Procedure sections 335 et seq., including but not limited to sections 337 and 339, and the contractual limitations period of any potentially applicable policy.

WHEREFORE, this answering defendant prays for judgment as follows:

1. That plaintiffs take nothing by their complaint;
2. For costs of suit incurred herein; and
3. For such other and further relief as the Court deems proper.

///
///
///

Dated: September 10, 2015          HAYES SCOTT BONINO ELLINGSON & McLAY, LLP

By _____
    STEPHEN M. HAYES
    STEPHEN P. ELLINGSON
    JAMIE A. RADACK
    Attorneys for Defendant
    STATE FARM GENERAL INSURANCE COMPANY

CASE NAME: Grass (Josh) and Smith (Saundra) v. State Farm
CASE NO.:    SC CV CV 15-0991

## PROOF OF SERVICE

I am a citizen of the United States. My business address is 203 Redwood Shores Parkway, Suite 480, Redwood City, California 94065. I am employed in the County of San Mateo where this service occurs. I am over the age of 18 years, and not a party to the within cause. I am readily familiar with my employer's normal business practice for collection and processing of correspondence for mailing with the U.S. Postal Service, and that practice is that correspondence is deposited with the U.S. Postal Service the same day as the day of collection in the ordinary course of business.

On the date set forth below, following ordinary business practice, I served a true copy of the foregoing document(s) described as:

**DEFENDANT STATE FARM GENERAL INSURANCE COMPANY'S ANSWER**

☐ (BY FAX) by transmitting via facsimile the document(s) listed above to the fax number(s) set forth below, or as stated on the attached service list, on this date before 5:00 p.m.

☒ (BY MAIL) I caused such envelope(s) with postage thereon fully prepaid to be placed in the United States mail at Redwood City, California.

☐ (BY PERSONAL SERVICE) I caused such envelope(s) to be delivered by hand this date to the offices of the addressee(s).

☐ (BY EMAIL) by transmitting via email the document(s) listed above to the corresponding email address(es), or as stated on the attached service list, on this date before 5:00 p.m.

Tim O'Connor, Esq.
THE O'CONNOR LAW FIRM
2412 Babson Drive
Elk Grove, CA 95758
Telephone: (916) 509-7096
Facsimile: (800) 934-5086
Email: Tim@TimOconnorAttorney.com

☒ *(State)* I declare under penalty of perjury under the laws of the State of California that the above is true and correct.

Executed on September 10, 2015 at Redwood City, California.

*/s/ Abigail Calderon*
Abigail Calderon

-1-

PROOF OF SERVICE - CASE NO. SC CV CV 15-0991

CASE NAME: Grass (Josh) and Smith (Saundra) v. State Farm
CASE NO.:

## PROOF OF SERVICE

I am a citizen of the United States. My business address is 203 Redwood Shores Parkway, Suite 480, Redwood City, California 94065. I am employed in the County of San Mateo where this service occurs. I am over the age of 18 years, and not a party to the within cause. I am readily familiar with my employer's normal business practice for collection and processing of correspondence for mailing with the U.S. Postal Service, and that practice is that correspondence is deposited with the U.S. Postal Service the same day as the day of collection in the ordinary course of business.

On the date set forth below, following ordinary business practice, I served a true copy of the foregoing document(s) described as:

**STATE FARM GENERAL INSURANCE COMPANY'S NOTICE OF REMOVAL OF CIVIL ACTION UNDER 28 U.S.C. SECTIONS 1332 AND 1441a [DIVERSITY JURISDICTION]; DEMAND FOR JURY TRIAL**

☐ (BY FAX) by transmitting via facsimile the document(s) listed above to the fax number(s) set forth below, or as stated on the attached service list, on this date before 5:00 p.m.

☒ (BY MAIL) I caused such envelope(s) with postage thereon fully prepaid to be placed in the United States mail at Redwood City, California.

☐ (BY PERSONAL SERVICE) I caused such envelope(s) to be delivered by hand this date to the offices of the addressee(s).

☐ (BY EMAIL) by transmitting via email the document(s) listed above to the corresponding email address(es), or as stated on the attached service list, on this date before 5:00 p.m.

Tim O'Connor, Esq.
THE O'CONNOR LAW FIRM
2412 Babson Drive
Elk Grove, CA 95758
Telephone: (916) 509-7096
Facsimile: (800) 934-5086
Email: Tim@TimOconnorAttorney.com

☒ *(Federal)* I declare under penalty of perjury under the laws of the State of California that the above is true and correct.

Executed on September 11, 2015 at Redwood City, California.

*/s/ Abigail Calderon*
Abigail Calderon

-1-
**PROOF OF SERVICE**